# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LUIS ALFREDO DELGADO,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. CIV-11-442-R |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2241, which the assigned Magistrate Judge concluded in a June 21, 2011 Report and Recommendation should be construed as a second or successive petition pursuant to 28 U.S.C. § 2255 and be dismissed. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation.

In his objection to the Report and Recommendation Petitioner concedes that this action should not be transferred to the Eastern District of Texas, where he is incarcerated. He requests that the Court transfer this petition, which he recognizes as "second or successive" to the United States Court of Appeals for the Tenth Circuit rather than dismissing it for want of jurisdiction.

Petitioner contends that because the State of Florida filed a nolle prosequi in Case No. 87-CF-14093, Circuit Court of the Thirteenth Judicial Circuit of the State of Florida in and for Hillsborough County Criminal Justice Division, that the basis for his sentence as a career

offender in Case No. CR-98-83-R in this Court has been eliminated, and he should not have to suffer the thirty months added to his sentence as a result of this status.

Petitioner contends that the interests of justice warrant transfer of this action to the Tenth Circuit rather than dismissal for want of jurisdiction because there is a likelihood he will prevail on his request for leave to file a second or successive petition in light of the nolle prosequi filed in Case No. 87-CF-14093 by the State of Florida.

In assessing whether the interests of justice warrant that the Court exercise its discretion and transfer the action the Court considers whether "the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."  The Court finds, as recommended by Judge Bacharach, that the interests of justice do not weigh in favor of transfer of this petition to the Tenth Circuit.

First, the order attached to the Petition from the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida in and for Hillsborough County was signed on April 13, 2004.  Petitioner does not indicate when he learned of the order, but it was signed prior to the Petitioner's filing of his first application for post-conviction relief, which he filed on October 31, 2005.  As a result, the Court finds that the interests of justice do not warrant transfer, and should Petitioner wish to seek relief via this successive petition, he must file an application for the Tenth Circuit for leave to file such petition.

For the reasons set forth herein, the Report and Recommendation is hereby ADOPTED in its entirety and this action is dismissed for want of jurisdiction.

IT IS SO ORDERED this 2nd day of August 2011.

/s/ David L. Russell
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE